## C., H. & D. Ry. Co. v. Murphy, Adm'r.

**1. Erroneous Charge Exempting Railway Company from Liability.**

A charge, in an action against a railroad company for wrongful death, which, in substance, directs the jury that if they find that the railroad company ran its train according to a city ordinance, and that it blew the whistle, and continuously rang the bell, it would be their duty to find a verdict in its favor, does not correctly state the law. The railroad company may have done all these things and yet be liable, if it negligently ran over plaintiff's intestate.

**2. Charge Against the Railway Company Equally Erroneous.**

Instructing the jury that if the company ran its train faster than five miles an hour, in violation of a city ordinance, or failed to give the signals which the law requires, that these acts, or either of them, would be such negligence as would entitle plaintiff to recover, in an action for wrongful death, unless plaintiff's intestate contributed to the injury, without requiring these acts, or either of them, to be the proximate cause of the injury, is erroneous.

**3. Being Required to Act in Sudden Exigency does not Relieve from Original Negligence in Getting on Track.**

A person who is wrongfully upon a railroad track, and is called upon in a sudden exigency to act, and makes a mistake as to the best course he should pursue, through an error of judgment, is not thereby relieved from his original negligence, if it contributed to cause the injury.

**4. Rule as to Stopping Railway Train to Avoid Injury to Person on the Track.**

If a railroad company, by its agents or employees in charge of a train, knew that a person was in a perilous position and that such person was apparently unconscious of this danger, or from some cause appeared unable to escape threatened danger, and such company might, after obtaining this knowledge by the use of ordinary care, have avoided the injury to such person, and did not do so, but carelessly and negligently caused the injury to him, then under such circumstances such person is entitled to recover, notwithstanding he imprudently placed himself in peril. (Adopted from Railway Co. v. Murphy, 9 Circ. Dec., 703, and affirmed.)

**5. Whether Railway Company was Required to Stop Train a Question for the Jury.**

Whether the engineer of a railroad train, after seeing a person on the track, had a right to presume, after giving the warning signals with the whistle, that such person would get off the track, and that it was not the duty of the railroad company to stop its train, unless it was apparent that such person did not intend to obey the signals and keep off the track, is a question for the jury.

**6. Erroneous Charge as to Duty of Railway Company in such Cases.**

A charge that, as a matter of law, "although decedent had been guilty of negligence in getting on the track, if the train men, in the exercise of ordinary care, had time and opportunity to see him, and if they did see him or had the opportunity to see him, and the opportunity to check the train, and save decedent's life, it was their duty to do so," makes it the absolute duty of those in charge of the train to check it and save the life of the person in danger, no matter what distance ahead of the train he may have been, when first seen, and without any reference to the presumption that he would leave the track in time to escape injury, and is erroneous.

**7. Statement Inadequate to Cure such Defect.**

A statement, following such charge, that "a railroad engineer, having charge of a train of cars and an engine, is not expected to stop his train whenever he sees a person upon the track, and that a railroad company is only required to exercise ordinary care and prudence, as we see those things exemplified in our daily experience" is too indefinite, and is inadequate to cure the error or to give the jury to understand the true rule in such cases.

Error to the Court of Common Pleas of Butler county.

Smith, J.

This case comes to us a second time, the judgment having at a former term been reversed for error occurring at the trial, and a new trial having been had, and there being again a judgment for the plaintiff below against the railroad company, it now seeks to reverse the last judgment on the ground that the verdict was against the evidence, and that the court erred in its rulings as to the admission and rejection of evidence, and in the charges given to the jury, and in refusing to charge as requested by the counsel for the railroad company.

We may say at the beginning that quite a number of questions passed upon in the decision of the former case, which is reported in 9 Circ. Dec., 703, have been presented again in one form or another, and as we are satisfied with the holdings there made, they will not be further referred to, except in so far as may be necessary to determine whether the rulings of the trial court, at the last trial, are in substantial accord with the principles announced in our former decision. There are also quite a number of errors assigned specifically in the petition in error, which we will be unable to discuss in any reasonable time, and a discussion of which does not seem necessary or important. If, therefore, nothing is said in regard to these special assignments of error, they may be considered by counsel as not having been sustained.

We speak, in the first place, of the charge of the court to the jury on the subject of the failure of the company to comply with the law, and the ordinance of the city, to sound the whistle and ring the bell, and to reduce the speed to five miles an hour within the city.

On page 7 of the charge it is said:

"If you find, as the court has charged you, that the defendant ran its train according to the ordinance of the city, and if you find that it blew the whistle, and continuously rang the bell, as the court has stated to you, then it would be your duty to find a verdict in its favor.

"If on the other hand you find that it did not run its train within the five mile per hour limit, as the ordinance requires, or if you find that it failed to give the signals which the state law requires, namely, to blow its whistle and ring its bell until the crossing was passed, then the court charges you that these acts, or either of them, would be such negligence as would entitle plaintiff to recover, providing the deceased himself was not guilty of contributing to his injury in the manner which I have stated."

It is manifest, we think, that the court did not correctly state the law in the first paragraph which we have quoted. It may well be, and the probability is, that the defendant was not entitled to a verdict, even if the evidence showed that the train was not run faster than five miles an hour, and that the whistle was sounded and the bell rung as the statute provides. The company might have done all this and yet be liable if it carelessly and negligently ran over the plaintiff's intestate. But as this error was in favor of the company, it can not complain of it. But how is it as to the other part of the sentence quoted? It seems to us to be equally faulty. The jury is told thereby, in effect, that if the company ran its train faster than five miles an hour, or failed to give the signals which the state law requires, that these acts, or either of them, would be such negligence as would entitle plaintiff to recover, unless plaintiff's intestate contributed to the injury. Certainly this would be so, if these acts or either of them were the proximate cause of the injury to the deceased, but without this they make no ground for a recovery by the plaintiff, and this qualification of the rule is nowhere stated by the court, and we can not see that this error of the court is elsewhere cured.

After the general charge to the jury, the counsel for the railroad company asked the court to give some special charges to the jury. Among them were numbers four and ten. Number four was as follows:

"That if said Martin Murphy, at the time he was so injured, was wrongfully upon the said railroad track of the defendant, without being invited there by the defendant, and being called upon in a sudden exigency to act, made a mistake as to the best course, through an error of judgment, that he should pursue, that he is not thereby relieved from his original negligence, if it apparently contributed to cause the injury."

The court refused to give this charge, and proper exception was noted.

We think the instruction thus asked for was substantially correct and should have been given. It may be that the words "wrongfully upon the said railroad track" were not the most appropriate that could have been used, for in one sense the mere presence of the plaintiff's intestate upon the railroad track was not wrongful, as under certain circumstances he might lawfully be there, it being a part of one of the public streets of the city. We suppose it was used in the sense of negligently or carelessly, and if he was so there, in presence of impending danger, he was there wrongfully.

And the statement requested to be given to the jury, that if he was so there, and being called upon in a sudden exigency to act, made a mistake as to the best course he should pursue, through an error of judgment, that he is not thereby relieved from his original negligence, if it contributed to his injury, was right. Why should his subsequent mistake relieve him from his original negligence?

Instruction number ten as asked for was as follows:

"That ordinarily the engineer in charge of the railroad train had a right to presume after seeing Martin Murphy upon the track, and after giving the warning signals with the whistle, that he would get off the track and avoid the danger, and that it was not the duty of the railway company to stop its train unless it was apparent that said Martin Murphy did not intend to obey the signal warnings and keep off the track."

This the court refused to give, for the alleged reason that it had been given in substance in the general charge.

As to this charge, two questions might arise—first, whether the charge in the form asked was correct, and if so, was it substantially given as alleged. If both questions are answered in the affirmative, the company has no reason to complain, and such is the case also, if the charge asked was incorrect. We are of the opinion, that to say the least of the charge asked, it was not happily worded. The word "ordinarily" seems out of place in the sentence, for it seems from what follows that the court was not called on to state the law generally—what it would ordinarily be, but to state as a matter of law what were the rights of the engineer in this particular case; for the judge was asked to say that the engineer in this case, after seeing Murphy on the track and after giving warning signals with the whistle, had a right to presume that he would get off the track and avoid the danger, and that in this instance, "it was not the duty of the company to stop the train unless it was apparent that Murphy did not intend to obey the signal warning and keep off the track."

We think thes were questions for the jury under appropriate instructions from the court, and that the court did not err in refusing to give the charge. It left entirely out of view all questions as to how far away the train was from Murphy, when the engineer saw him on the track, or sounded the danger signals, or what the conduct of Murphy was thereafter. In the former decision of this case before referred to, we stated what we thought the law was in cases of this kind, and the next question on this branch of the case is whether the trial judge in his charge to the jury correctly stated the law thereon, for it is urged by counsel for the plaintiff in error that he did not.

The charge of the court, as given to the jury and excepted to by the defendant below, was as follows:

"The court say to you as a matter of law, that although Martin Murphy had been guilty of negligence, although he got on this track in the most careless manner, if the train men in the exercise of ordinary care had time and opportunity to see him, and if they see him, or if they had the opportunity of seeing him, and they had the opportunity to check the train and save the life of the person in danger, then it was their duty to do so, although he may have been guilty of negligence in getting on the railroad track, and it becomes, therefore, the approximate cause of the injury, their failure to check the train, if the evidence shows you they could have done so. And if they were running the train within the proper and legal rate of speed, and that being the approximate cause of the injury, it

throws the liability or responsibility upon the defendant, and it is your duty to find a verdict in favor of the plaintiff."

Standing alone we think that this charge as given was erroneous and prejudicial. It is open to the same objections pointed out in the decision referred to—to the charge given by the court at the former trial of the case—in that it makes it the absolute duty of those in charge of the train to check it and save the life of the person, no matter at what distance ahead of the train he may have been, when he was first seen on the track, and without any reference to the presumption which we held would arise, and on which the engineer might reasonably act, unless the contrary appeared, that the person on the track was able to hear and see, and that he would leave the track in time to escape the danger. It is true that the court added to the charge as given this statement:

"A railroad engineer having charge of a train of cars and engine, is not expected to stop his train whenever he sees a person upon the railroad track, and a railroad company is only required to exercise ordinary care and prudence as we see those things exemplified in our daily experience."

But this we regard as a very inadequate and indefinite statement, and it did not at all give the jury to understand what the true rule was in such cases.

For the reasons stated the judgment in this case will be reversed and a new trial awarded.

*Millikin, Shotts & Millikin*, for plaintiff in error.
*Morey, Andrews & Morey*, contra.